MURRAY, J.,
Dissents and Assigns Reasons.
|TIn my view, the instant appeal presents a simple issue. Before the trial court considered any of the various issues raised by the parties, it was required to determine whether it had jurisdiction to do so. Whether that jurisdiction existed is clearly determined by the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act [“UCCJEA”] as adopted and enacted by Louisiana in La. R.S. 13:1801 et seq. Contrary to the assumption of the majority, that Act is not limited to disputes among parents or “persons acting as parents,” but applies to all disputes regarding child custody and/or visitation except for those specifically excluded.[1] To that end, the “Definitions” provision of the Act states, in pertinent part:
(3) “Child custody determination” means a judgment, decree, or other or *838 der of a court providing for the legal custody, physical custody, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order. The term does not include an order relating to child support or other monetary obligation of an individual.
(4) “Child custody proceeding” means a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear. The term does not include a proceeding involving juvenile delinquency, contractual emancipation, or enforcement under Subpart C of this Part. 12Thus, a dispute regarding grandparent visitation rights, such as the instant one, qualifies as a “child custody proceeding” under the express terms of the Act.
The Act further provides: “If a question of existence or exercise of jurisdiction under this Act is raised in a child custody proceeding, the question, upon request of a party, shall be given priority on the calendar and handled expeditiously.” La. R.S. 13:1807. In the instant case, the parties do not dispute that the Orleans Parish Civil District Court had original jurisdiction, pursuant to La. R.S. 13:1813, to enter the consent judgment in 2008, when the child and Mr. Schmolke still lived in Louisiana.[2] However, on February 11, 2010, Mr. Schmolke filed a Petition for Declaratory Judgment in that court asserting that it no longer had jurisdiction over this matter because he and his child had become legal residents of North Carolina, having moved there in August, 2009. As the majority notes, at the March 25, 2010 hearing, the district court made a factual finding, as indicated in the Reasons for Judgment, that “Mr. Schmolke and L.S. reside in North Carolina.” In doing so the district court referenced La. R.S. 13:1814, which governs continuing jurisdiction, and noted Mr. Schmolke’s testimony that he had no intention of ever moving back to Louisiana. Despite these findings, however, the district court did not rule on the Petition for Declaratory Judgment regarding jurisdiction. Instead, the court denied the Bursts’ Rule for Contempt and then stayed all further proceedings “until the North Carolina Court accepts or declines jurisdiction.”
The district court’s failure to rule on the objection to its subject matter jurisdiction asserted in the Petition for Declaratory Judgment prior to deciding any of the other issues raised was legal error. La. C.C.P. art. 2 defines subject matter jurisdiction as “the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the | ¡¡amount in dispute, or the value of the right asserted.” La. C.C.P. art. 3 further provides:
The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.
As recognized by the district court, continuing jurisdiction under the UCCJA is governed by La. R.S. 13:1814, which provides, in pertinent part:
*839 A .... [A] court of this state which has made a child custody determination consistent with R.S. 13:1813 ... has exclusive, continuing jurisdiction over the determination until:
(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships; or

(2) A court of this state or a court of another state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.

La.Rev.Stat. Ann. 13:1814 (West 2010) (Emphasis added). Because, as the majority finds, neither of the Bursts qualify as a “person acting as a parent” under La. R.S. 13:1802,[3] once the district court had determined that Mr. Schmolke and L.S. resided in North Carolina, it was required to further conclude that it no longer had jurisdiction under La. R.S. 13:1814. Lacking that jurisdiction, the district court had no authority to decide any of the other matters raised, including the Rule for Contempt filed by the Bursts.
Accordingly, on the basis of the record, I would grant Mr. Schmolke’s Petition for Declaratory Judgment, hold that the district court lacked subject matter jurisdiction, and vacate the district court’s judgment as being null and void on that Lground. This disposition would necessarily pretermit all the other issues raised by the parties on appeal.
For these reasons I respectfully dissent from the majority’s partial affirmation and remand of this matter.

. La. R.S. 13:1803 provides that the Act does not govern an adoption proceeding or a proceeding pertaining to the authorization of emergency medical care for a child.

. Nor do they dispute that the same court had jurisdiction to modify the consent judgment in September, 2009.

. The statute provides, in .pertinent part: "(13)Person acting as a parent means a person, other than a parent, who: (a) Has physical custody of the child or has had physical custody for a period of six consecutive months, including any temporary absence, within one year immediately before the commencement of a child custody proceeding; and (b) Has been awarded legal custody by a court or claims a right to legal custody under the laws of this state.”